J-S54012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DOMINIC TREVON GREEN, | |
| Appellant | No. 1487 WDA 2015 |

Appeal from the Judgment of Sentence Entered August 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0005752-2015
CP-02-CR-0013225-2014

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 12, 2016**

Appellant, Dominic Trevon Green, appeals from the judgment of sentence of five to ten years' incarceration, imposed after a jury convicted him of one count of persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1).  Appellant challenges the trial court's admission of certain evidence that he argues was precluded by the court's ruling on his pretrial motion *in limine*.  After careful review, we affirm.

The trial court briefly summarized the evidence presented at Appellant's trial as follows:

> [O]n August 2, 2014, Alexis Markey, her infant daughter, [Appellant] and several others were hanging out at [Markey's] residence at the Cambridge Square Apartments in Monroeville. At some point, the gathering moved out to the parking lot and when everyone was getting into Markey's vehicle, [Appellant] got into an altercation with the others over who got to sit in the

front passenger seat. [Appellant] then pulled out a gun and threatened to "shoot the car up." Monroeville Police Officers arrived on the scene shortly thereafter, having been summoned by an anonymous … 911 [caller] who described [Appellant] and the vehicle. Once all of the individuals had been removed from the car, Officer Brad Martin looked in the car and saw a firearm protruding from below the back of the front passenger seat, [in front of] where [Appellant] had been sitting [in the back seat]. Alexis Markey and Patricia Kurn both gave statements to the [p]olice indicating that the gun found belonged to [Appellant].

Trial Court Opinion (TCO), 1/14/16, at 1-2 (citation to the record omitted).

Based on these facts, the jury convicted Appellant of the above-stated offense and he was sentenced as stated *supra*. Appellant filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review: "Did the trial court abuse its discretion by overruling defense counsel's objection and failing to strike a witness' prejudicial testimony relating to a 911 call when that testimony had previously been excluded by an *in limine* ruling?" Appellant's Brief at 5.

Before addressing Appellant's argument, we note that,

[t]he standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence is well settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

- 2 -

*Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010) (citation omitted). We also point out that, "[i]n order to preserve for appellate review any claim of error regarding the admission of evidence, a party must specifically object to the admission of such evidence at trial." *Commonwealth v. Boyd*, 679 A.2d 1284, 1289 (Pa. Super. 1996) (citation omitted). "Failure to do so results in a waiver of that claim of error in the evidence's admission." *Id.* (citation omitted).

Briefly, Appellant claims that the trial court issued a pretrial ruling excluding any witness from testifying that the anonymous person who called 911 had stated that a person was 'waving a gun' outside Alexis Markey's vehicle. Nevertheless, during trial, the court overruled defense counsel's objection when Markey testified about that remark by the 911 caller. Appellant explains that he objected to this 'double hearsay' but the court overruled his objection, as well as his later request for a mistrial. Instead, the court simply provided a cautionary instruction to the jury. Appellant repeatedly stresses on appeal that the court's allowing Markey's at-issue testimony violated its pretrial ruling. He also asserts that admitting Markey's testimony caused him significant prejudice that was not cured by the cautionary instruction provided by the trial court. Accordingly, Appellant maintains that he is entitled to a new trial.

After careful review of the record, we disagree that a new trial is warranted. By way of background, at the start of trial, defense counsel and the court discussed Appellant's oral motion *in limine*, as follows:

> [Defense Counsel]: We talked about it and correct me if I am wrong, but I believe you said they are allowed to say that they responded for a report of an argument at the address with a red Ford SUV.
>
> THE COURT: And the person arguing was wearing gray sweatpants, but not to mention that the 9-1-1 caller said that there was a gun.

N.T. Trial, 5/11-5/12/15, at 3.

When Alexis Markey later took the stand for the Commonwealth, she mentioned the 911 caller's statement about a gun during the following exchange:

> [The Commonwealth:] On August 2, what did you tell the police had occurred just before they showed up on the scene?
>
> [Markey:] When I was at the police station, Officer Skoog, [I] think that's her name, pulled me into the room by myself and told me that I had to tell her the whole truth or I was going to go to jail. So, she asked *if that call for the 9-1-1 was true*, *that there was a gun being waived outside of my car.*

*Id.* at 81 (emphasis added). In response to Markey's mention of the 911 caller's reference to a gun, defense counsel stated: "Objection. And I ask that the last response be stricken." *Id.* The court overruled that objection and request, simply stating, "I'll overrule[]." *Id.* at 82.

The Commonwealth's questioning of Markey continued. At one point, Markey stated, "there was just a little altercation about seats. And that's when somebody called into the police station and said that they saw a gun being waived outside of my car with a child in it." *Id.* at 82. A short while later, Markey testified that her "neighbor called about the gun being waived

- 4 -

outside of [Markey's] car." *Id.* at 84. Appellant did not object to either of these subsequent references to the 911 call by Markey.

On the morning of the second day of trial, defense counsel made an oral motion for a mistrial, stating:

> [Defense Counsel]: In regards to what Alexis [Markey] testified to on direct examination about the 9-1-1 call, she mentioned the information that Your Honor specifically excluded under a motion *in limine*. Now, I'm not saying that [the Commonwealth] solicited it by any means, but it was [the prosecutor's] obligation to inform her witnesses when there is a granted motion *in limine* to not mention that information.
>
> As such, I would move at this time for a mistrial because information that was specifically excluded by Your Honor was brought in on direct from the Commonwealth witness.

*Id.* at 99.

In response, the Commonwealth stressed that it had advised the police officers not to testify about the mention of a gun by the 911 caller, and it explained that it had not known that Markey was aware of content of the 911 call. *Id.* at 99-100. The court stated that it was clear from the officers' testimony that they knew not to mention the gun reference by the 911 caller, and the court further concluded that "the response that … Markey gave was not responsive to the question asked." *Id.* at 101. Ultimately, the court declined to declare a mistrial, but directed that the Commonwealth not mention, in its closing argument, the 911 caller's reference to a gun. *Id.* Additionally, the court offered to give the jury a cautionary instruction, which defense counsel approved. *Id.* Accordingly, the jury was instructed as follows: "[Y]esterday you heard evidence that Alexis Markey referred to a 9-

- 5 -

1-1 call. This evidence is inadmissible and must be disregarded by you."
***Id.*** at 103.

Based on this record, we first conclude that Appellant has waived the specific arguments he presents herein. First, while Appellant objected to Markey's initial mention of the 911 caller's gun comment, he did not offer any specific basis for that objection. Even more problematic is Appellant's utter failure to lodge *any* objection when Markey made *two more*, nearly identical references to that 911 call later in her testimony. Because Markey testified about the content of the 911 call without an objection by Appellant, we conclude that he has waived his claim that admitting such testimony was error by the court.

In any event, we would also agree with the Commonwealth and the trial court that Markey's testimony was not so prejudicial as to warrant a new trial. First, the trial court clearly instructed the jury to disregard Markey's mention of the 911 call, and we must presume that the jury followed that instruction. ***Commonwealth v. Baker***, 614 A.2d 663, 672 (Pa. 1992). Additionally, as the Commonwealth stresses throughout its brief, Markey did not testify that the 911 caller identified *Appellant*, or even someone matching Appellant's description, as the person waving the gun; instead, Markey simply stated that the 911 caller said *someone* was waiving a gun outside her vehicle. Given that there were five adults, including Appellant, present in Markey's car when police arrived, Markey's testimony did not clearly convey to the jury that the 911 caller claimed to see

*Appellant* with a firearm. Moreover, both Markey and Patricia Kurn testified at trial that they saw Appellant with the gun. Thus, there was ample other evidence of Appellant's guilt, aside from Markey's mention of a vague comment by the 911 caller. Under these facts, we would reject Appellant's argument that "[t]he jury very well could have found [Appellant] guilty based solely on the hearsay testimony presented about the 911 call." Appellant's Brief at 21.

Additionally, while Appellant maintains that the court's admission of Markey's testimony unfairly surprised him and "likely hindered the defense[,]" *id.,* he offers no explanation of what he would have done differently had he known such evidence would be admitted. Thus, we would not accept his bald allegation that he was prejudiced simply due to his being surprised by the admission of Markey's at-issue testimony.

In sum, we conclude that Appellant did not preserve his challenge to the admission of the challenged evidence, but, even if he had, we would deem his arguments meritless. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2016